```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

DANIEL CUMMINGS and DANIEL SANABRIA,
```

|                                                 |                    |
|-------------------------------------------------|--------------------|
| Plaintiffs,                                     | **FIRST AMENDED COMPLAINT** |
| -against-                                       | 09-cv-00489-BMC    |
| THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; LT. PATRICK DISKIN; SGT. KNIGHT; P.O. PAUL L. PASQUARELLA, Shield # 5858; P.O. TALAT AWAD; and P.O. PHILBERT, the individual defendants sued individually and in their official capacities, | ECF Case  Jury Trial Demanded |
| Defendants.                                     |                    |

```
------------------------------------------ X
```

## **PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983, and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident(s), which occurred on or about August 2, 2006 through on or about November 30, 2007. During the incident(s) the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, retaliation for free speech, conspiracy, fabricated evidence, unconstitutional conditions of

confinement, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law (malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees claims). A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiffs' claims. Moreover, this action has

been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Daniel Sanabria is a resident of the State of New York, Kings County.

6. Plaintiff Daniel Cummings is a resident of the State of New York, Kings County.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8. Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiffs' rights as described herein.

9. Defendant Patrick Diskin is a New York City Police Lieutenant employed with 78th Precinct, located in Brooklyn, New York, who violated plaintiffs' rights as described herein.

10. Defendant Sgt. Knight is a New York City Police Sergeant employed with 78th Precinct, located in Brooklyn, New York, who violated plaintiffs' rights as described herein.

11.  Defendant P.O. Paul L. Pasquarella is a New York City Police Officer, assigned Shield # 5858, employed with the 78th Precinct located in Brooklyn, New York, who violated plaintiffs' rights as described herein.

12.  Defendant P.O. Talat Awad is a New York City Police Officer, employed with the 78th Precinct located in Brooklyn, New York, who violated plaintiffs' rights as described herein.

13.  Defendant P.O. Philbert is a New York City Police Officer, employed with the 78th Precinct located in Brooklyn, New York, who violated plaintiffs' rights as described herein.

14.  The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

15.  The following is a summary set for the purpose of demonstrating and providing notice of plaintiffs' claims against the defendants.  Plaintiffs have not set forth each and every fact concerning the incident(s) described below.

16.  On August 2, 2006 in Brooklyn, New York, police officers operating from the 78th Precinct, including upon information and belief, defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

17. On August 2, 2006, at approximately 11:00 p.m. to 12:00 a.m., plaintiffs were in the vicinity of 572 Warren Street, Brooklyn, New York, when the several police officers, including upon information and belief, defendants Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully seized plaintiffs.

18. During the arrest of plaintiff Daniel Cummings, the police officers, including upon information and belief defendants Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, maliciously, gratuitously, and unnecessarily grabbed and shoved plaintiff, threw plaintiff to the ground, punched plaintiff, twisted plaintiff's arms, placed excessively tight handcuffs on plaintiff's wrists, and placed a knee in plaintiff's neck while handcuffed. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

19. During the arrest of plaintiff Daniel Sanabria, the police officers, including upon information and belief defendants Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, maliciously, gratuitously, and unnecessarily grabbed and shoved plaintiff, threw plaintiff to the ground, slammed plaintiff's head into the ground, twisted plaintiff's arms,

placed excessively tight handcuffs on plaintiff's wrists, kicked plaintiff, placed knees in plaintiff's back, threw plaintiff into a fence while handcuffed, and threw plaintiff into a police vehicle, which caused him to strike the vehicle. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. Thereafter, the police officers, including upon information and belief defendants Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, transported plaintiffs to the 78th Precinct.

21. While at the 78th Precinct, the police officers, including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, strip-searched plaintiffs in a non-private manner without probable cause, reasonable suspicion, or justification.

22. Plaintiffs were forced to expose their private areas during the strip searches; and no evidence of weapons, contraband, narcotics, or illegal activity were found on plaintiffs' person to justify their arrests.

23. The fact that the above-described NYPD strip searches of plaintiffs were carried out in a non-private manner is sufficient in and of itself to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable

manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

26. Plaintiff Daniel Cummings was given arrest number K06662578.

25. Plaintiff Daniel Sanabria was given arrest number K06662579.

26. Thereafter, plaintiffs were transferred to Brooklyn Central Booking.

27. While plaintiffs were held at Brooklyn Central Booking, they were subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

28. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

29. While plaintiffs were incarcerated at the 78th Precinct and Central Booking awaiting arraignment the police officers, including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed a crime(s); and based on the these false allegations the Kings County District Attorney's Office initiated prosecutions against plaintiffs under docket # 2006KN052857.

30. To cover up their misconduct, the police officers, including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, intentionally, knowingly and purposely provided false statements and information to cause plaintiffs to be prosecuted.

31. The police officers, including defendants including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, initiated the above-stated malicious prosecution(s) against plaintiffs.

32. The police officers, including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

33. The police officers, including upon information and belief defendants Lt. Diskin, Sgt. Knight, P.O. Pasquarella, P.O. Awad, and P.O. Philbert, acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

34. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiffs.

35. The above-stated malicious prosecution terminated in plaintiffs' favor when the cases against

plaintiffs were dismissed in their entirety on or about November 30, 2007.

36. Defendants Lt. Diskin and Sgt. Knight supervised the police officers, including P.O. Pasquarella, P.O. Awad, and P.O. Philbert, in the above-detailed unlawful conduct, including approving plaintiffs' arrest.

37. The aforesaid events are not an isolated incident. Defendants City of New York and Commissioner Raymond W. Kelly were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, investigate an incident, strip search, and how to treat innocent and/or uninvolved individuals who are found at an incident location.

38. Defendants City of New York and Commissioner Raymond W. Kelly were further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendants City of New York and Commissioner Raymond W. Kelly have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

39. Moreover, defendants City of New York and Commissioner Raymond W. Kelly were aware prior to the incident that the individual defendants lacked the objectivity,

temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendants City of New York and Commissioner Raymond W. Kelly have retained these officers, and failed to adequately train and supervise them.

    40.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

    41.    Plaintiffs did not resist arrest at any time during the above incidents.

    42.    Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

    43.    The individual defendants did not observe plaintiffs (or any other person) engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

    44.    At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs (or any other person) had engaged in suspicious, unlawful or criminal conduct.

    45.    As a result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional

distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

46. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

47. The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, retaliation for free speech, conspiracy, fabricated evidence, unconstitutional conditions of confinement, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

48. The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law, by committing false arrest, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, retaliation for free speech, conspiracy, fabricated evidence, unconstitutional conditions of confinement, gross negligence, negligent hiring and retention of incompetent

11

and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

49. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

51. The plaintiffs are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

52. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

53. Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiffs because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

54. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

55. Nevertheless, defendants Kelly exercised deliberate indifference by failing to take remedial action.

56. The aforesaid conduct by defendants Kelly violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at their Headquarters located in New

York, New York, and creating a culture where officers are encouraged to harass, assault and violate those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

57. As a direct and proximate result of the misconduct and abuse detailed above, plaintiffs experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58. The aforesaid conduct of defendants Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

59. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

60. The City of New York directly caused the constitutional violations suffered by plaintiff.

61. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly

likely that they would commit the acts alleged in the present case.

62. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate individuals without consequence. Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

63. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and New York State law.

64. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

65. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: New York, New York
May 14, 2009

          MICHAEL HUESTON, ESQ.
          *Attorney for Plaintiffs*
          350 Fifth Avenue, Suite 4810
          New York, New York 10118
          (212) 643-2900
          mhueston@nyc.rr.com
          By:

          ____s/_____
          MICHAEL O. HUESTON